**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1945
_____

DARLENE ANORUO,
Appellant

v.

TENET HEALTHSYSTEM HAHNEMANN,
DBA Hahnemann University Hospital
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Miscellaneous Action No. 2-16-mc-00125)
District Judge: Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 12, 2017
Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: September 19, 2017)
_____

OPINION*
_____

PER CURIAM

Dr. Darlene Anoruo appeals pro se from the District Court's order granting Tenet

HealthSystem Hahnemann's motion to confirm an arbitration award and denying her

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion to vacate that arbitration award. Because Dr. Anoruo failed to establish any basis to vacate the arbitrator's ruling, we will affirm.

Dr. Anoruo resigned from a Family Medicine Residency Program at Hahnemann on June 15, 2009, without completing all of the program requirements. She filed a pro se federal complaint and an Equal Employment Opportunity Commission ("EEOC") charge on June 15, 2011, against Hahnemann and related individuals. The complaint was dismissed for the failure to pay the filing fee, while the EEOC issued a No Cause Determination Right to Sue Letter on April 29, 2013. Through counsel, Dr. Anoruo then filed a complaint in the District Court on July 29, 2013, that raised racial discrimination and breach-of-contract claims against Hahnemann. Through counsel, the parties then entered into a joint stipulation, pursuant to Dr. Anoruo's employment agreement with Hahnemann, to stay the litigation in federal court and submit the claims to arbitration.

After discovery, Dr. Anoruo's lawyer withdrew from the representation shortly before the scheduled arbitration hearing. The hearing dates were canceled to allow Dr. Anoruo to obtain new counsel, but several months later she stated that she would proceed pro se. Hahnemann then moved for summary judgment on statute-of-limitations grounds. The arbitrator elected to defer judgment on that motion until hearing arguments concerning both the timeliness issue and the merits of Dr. Anoruo's claims. After five days of hearings, the arbitrator issued an award in favor of Hahnemann and against Dr. Anoruo, on the ground that Dr. Anoruo's claims were time-barred.

In particular the arbitrator ruled that Dr. Anoruo had failed to file her EEOC complaint within the requisite 300 days after what he determined was the date of

2

Hahnemann's latest discriminatory act—that is, the June 15, 2009 constructive discharge that arose out of her resignation. Relatedly, the first time Dr. Anoruo had raised a potential 42 U.S.C. § 1981 discrimination claim was in the July 29, 2013 federal complaint, which had been filed several weeks after the four-year statute of limitations for such claims had run following her resignation on June 15, 2009. The arbitrator also ruled that there was no basis for tolling the statute of limitations on any of her claims.

Dr. Anoruo then filed a motion to vacate the arbitration award in the District Court. Hahnemann responded and filed a cross-motion to confirm the award; thereafter, Dr. Anoruo responded to Hahnemann's cross-motion. The District Court then issued an order that denied Dr. Anoruo's motion to vacate and granted Hahnemann's motion to confirm. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16. We review the District Court's legal conclusions de novo and any factual findings for clear error. See Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 330 (3d Cir. 2014); Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013).

Our review of the underlying arbitration award is "extremely deferential." Dluhos v. Strasberg, 321 F.3d 365, 372 (3d Cir. 2003). Section 10 of the Federal Arbitration Act sets out narrow and exclusive circumstances under which a court may vacate an arbitration award. Hall St. Assocs. LLC v. Mattel, Inc., 552 U.S. 576, 586-87

3

(2008).[1] Under the Act, a court must confirm an arbitration award unless: (1) it was procured by corruption, fraud, or undue means; (2) the arbitrators demonstrated partiality or corruption; (3) they were guilty of misconduct; or (4) they exceeded their powers. 9 U.S.C. §§ 9, 10(a)(1)-(4). Dr. Anoruo has failed to show that the arbitration award should have been vacated on any of these bases.

First, there is no indication of any corruption, partiality, or misconduct in the record. The arbitration award discusses each party's arguments and evidence in a substantial written opinion. Although Dr. Anoruo says that her evidence was stronger than Hahnemann's and should have been credited, the mere fact that the arbitrator made factual findings that were unfavorable to her case does not mean that the arbitrator was partial to her opponent. In addition, Dr. Anoruo's assertion that the arbitrator ruled against her as a result of ex parte communications between counsel for Hahnemann and the arbitrator has no support in the record. Rather, that assertion amounts to wholly circumstantial innuendo.

Second, there is no indication that the arbitrator exceeded his powers or otherwise disregarded the applicable law in this case. The record shows that Dr. Anoruo's employment agreement subjected her suit against Hahnemann to arbitration. Dr. Anoruo concedes that during the arbitration she was able to present all of her evidence concerning the statute of limitations and any basis for tolling the limitations period. The arbitrator

---

[1] We have not ruled on whether a court may also still vacate an award for a "manifest disregard of the law" after Hall. See Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 256 n.13 (3d Cir. 2016). In any event, as discussed below, there is no indication in the record that the arbitrator disregarded the applicable law in this case.

4

then specifically mentioned in the final award that he had given Dr. Anoruo the opportunity to present evidence sufficient to justify tolling the statute of limitations, but that the evidence received was legally insufficient or noncognizable on the question of tolling. Dr. Anoruo's argument, although phrased in terms of the scope of the arbitrator's powers or the contention that the arbitrator showed manifest disregard for the law, is in essence a mere disagreement with the arbitrator's findings and conclusions. That is not a proper basis on which to vacate an arbitration award.

For these reasons, we will affirm the District Court's judgment.